IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAMELA K. MCDONALD and DANIEL W. MCDONALD<br><br>    Plaintiffs,<br><br>    v.<br><br>HILTON WAIKOLOA VILLAGE and OTIS ELEVATOR COMPANY,<br><br>    Defendants. | JUDGE: _____<br><br>CASE NO.: _____ |

## **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Otis"), through undersigned counsel, hereby removes the above-captioned case from the Clermont County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446(b)(1). Complete diversity of citizenship exits between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Otis states as follows:

## **BACKGROUND**

1. On or about January 19, 2016, Plaintiffs Pamela K. McDonald and Daniel W. McDonald ("Plaintiffs") commenced this action by filing a Complaint in the Clermont County Court of Common Pleas bearing Case No. 2016-CVC-00086.

---

[1] By removing this action to this Court, Otis does not waive any defenses, objections, or motions available under state or federal law. Otis expressly reserves the right to move for dismissal or transfer of some or all of Plaintiffs' claims and/or seek dismissal or transfer on the grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

2. Plaintiffs claim that on January 21, 2014, while on vacation at the Hilton Waikoloa Village in Hawaii, Plaintiff Pamela McDonald tripped while exiting an elevator at Hilton Waikoloa Village because it had stopped five to six inches below the floor. (Pl. Compl. at Exh. A, ¶ 5.)

3. Otis received the Complaint on January 26, 2016.

4. Upon information and belief, Plaintiffs have attempted to serve Defendant Hilton Waikoloa Village.

5. Defendant Global Resort Partners dba Hilton Waikoloa Village (incorrectly named as Hilton Waikoloa Village) consents to this removal.

6. Accordingly, this Notice of Removal is being filed within thirty (30) days after Otis's first receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

7. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. A defendant seeking removal has a duty to present to the Court that it is more likely than not that the plaintiff's claims exceed the amount in controversy requirement required by 28 U.S.C § 1332(b). *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). In determining the amount in controversy, the district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in

controversy. *See, e.g., Rotschi v. State Farm*, 114 F.3d 1188, 1997 WL 259352 at *4 (6th Cir. 1997).

9. Plaintiff Pamela McDonald asserts that she "sustained lasting and severe injuries as a result of this fall, including but not limited to back pain, an ankle injury, chronic headaches, a whiplash-type injury to the nerves that run on top of the spinal cord at the base of her neck through her scalp." (*Id*.) Plaintiff Daniel W. McDonald is asserting a loss of consortium claim. (Pl. Compl. at Exh. A, ¶ 13.)

10. Plaintiffs are seeking a "sum in excess of $100,000," including punitive damages. (*Id*. at ¶ 14 and the WHEREFORE paragraph on p. 6.)

11. Given Plaintiffs' allegations, it is more likely than not that Plaintiffs seek in excess of $75,000.00, exclusive of interest and costs.

## **DIVERSITY OF CITIZENSHIP EXISTS**

12. At the time this action was commenced, Plaintiffs were citizens of Ohio. (*Id*. at ¶ 1.)

13. Otis is incorporated in the State of New Jersey and has its principal place of business in Connecticut. Otis is therefore a citizen of New Jersey and Connecticut for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

14. Defendant Global Resort Partners dba Hilton Waikoloa Village (incorrectly named as Hilton Waikoloa Village) is a partnership formed under the laws of Hawaii with a principal place of business in Virginia. Both partners are limited liability companies formed under the laws of Delaware. Defendant Hilton Waikoloa Village is therefore a citizen of

3

Hawaii, Virginia and Delaware for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. As Plaintiffs are citizens of Ohio and none of the Defendants are citizens of Ohio, diversity of citizenship exists under 28 U.S.C. §§ 1332 and 1441(b).

## **PROCEDURAL REQUIREMENTS**

16. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C.§ 1332. This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(1).

17. The Clermont County Court of Common Pleas is located within the Southern District of Ohio, Western Division. Venue is therefore proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

18. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon them, including summonses and petitions.

19. Otis received the Complaint on January 26, 2016. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

20. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and counsel for Defendant Hilton Waikoloa Village, and a copy is being filed with the Clermont County Court of Common Pleas.

WHEREFORE, Defendant Otis Elevator Company gives notice that the civil action docketed 2016-CVC-00086 in the Clermont County, Ohio Court of Common Pleas is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1).

Respectfully submitted,

/s/ *Seth H. Wamelink*
Thomas W. Baker (0070558)
Seth H. Wamelink (0082970)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: thomas.baker@tuckerellis.com
seth.wamelink@tuckerellis.com

*Attorneys for Defendant Otis Elevator Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2016, a copy of the foregoing Defendants' Notice of Removal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy will be sent via e-mail to the following:

C. Christopher Muth
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
*Attorney for Plaintiffs*

Elisabeth Gentile
Mazanec, Raskin & Ryder Co., L.P.A.
175 S. Third Street, Suite 1000
Columbus, OH 43215
*Attorney for Hilton Waikoloa Village*

/s/ *Seth H. Wamelink*
*One of the Attorneys for Defendant Otis Elevator Company*