# EXHIBIT A

FILED

2016 JAN 19 PM 4:25

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS COURT
CLERMONT COUNTY, OH

## COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

Pamela K. McDonald,
879 Miami Ridge Drive
Loveland, OH 45140

and

Daniel W. McDonald
879 Miami Ridge Drive
Loveland, OH 45140

Case No. 2016 CVC 00086 JUDGE FERENC
(JUDGE _____)

**Plaintiffs**

-vs-

Hilton Waikoloa Village
69-425 Waikoloa Beach Drive
Waikoloa, HI 96738

**COMPLAINT**

ALSO SERVE AT: Hilton Worldwide
Holdings, c/o Statutory Agent
Prentice-Hall Corporation System Inc.
50 W. Broad Street, Suite 1800,
Columbus, OH 43215

**Jury Trial Requested**

and

Otis Elevator Company
One Farm Springs Road
Farmington, CT 06032

ALSO SERVE AT:
Otis Elevator Company
c/o Statutory Agent
CT Corporation System
1300 E. Ninth Street
Cleveland, OH 44114

**Defendants**

Plaintiffs Pamela K. McDonald and Daniel W. McDonald ("Plaintiffs"), for their

Complaint against Defendants, state as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are residents of Loveland, Ohio in Clermont County.

2. Defendant Hilton Waikoloa Village is a hotel located in Waikoloa Hawaii. According to the hotel's website, Hilton Waikoloa Village is owned by Hilton Worldwide which is headquartered at 7930 Jones Branch Drive, McLean, Virginia 22102.

3. Defendant Otis Elevator Company was acquired by United Technologies Corporation in 1976 and Otis Elevator Company is a wholly owned subsidiary headquartered in Farmington, Connecticut. Its corporate headquarters is located at 10 Farm Springs Road, Farmington, Connecticut.

4. Jurisdiction is proper in this Court due to the fact that Plaintiffs are residents of Clermont County and that Plaintiff Pamela McDonald is being treated by physicians and other health providers and care givers located in Clermont County and in surrounding counties in Ohio.

## FACTUAL BACKGROUND

5. On January 21, 2014, while on vacation staying at the Hilton Waikoloa Village in Hawaii, Plaintiff Pamela McDonald tripped while exiting a stopped elevator at the Hilton Waikoloa Village. The elevator stopped five to six inches below the floor, creating a condition that caused Plaintiff to trip and fall forward when beginning to exit the elevator. Plaintiff sustained lasting and severe injuries as a result of this fall, including but not limited to back pain, an ankle injury, chronic headaches, a whiplash-type injury to the nerves that run on top of the spinal cord at the base of her neck

2

through her scalp. Plaintiff's injuries are permanent and she will incur future pain, suffering, disability and medical expenses.

6. Plaintiff estimates she has incurred medical, rehabilitation and health expenses in excess of $20,000.00 at this point in time and expects to incur further pain, suffering and substantial medical expenses in the future.

## COUNT ONE: RES IPSA LOQUITUR/STRICT LIABILITY

7. The elevator cab door opening when not aligned with the floor level is an event that would not have happened if Defendants had exercised the care required of it under law.

## COUNT TWO: BREACH OF EXPRESS AND IMPLIED WARRANTIES

8. As guests of Defendant Hilton's Hotel and passengers on Defendant Otis' elevators, Plaintiffs expected the elevator to function reliably based upon express and implied warranties. Plaintiffs had a reasonable expectation for the hotel elevator to be maintained on a regular basis and conform to the industry standards and to operate in a safe and non-defective manner. Plaintiffs relied upon these express and implied warranties to their detriment, resulting in severe and permanent injuries to Plaintiffs.

3

## COUNT THREE: NEGLIGENCE

9. Defendants had a duty to maintain, inspect, routinely service and repair the elevators at the Hilton Waikoloa Village in order to insure they operated in a safe and non-defective manner. The elevator in question that caused Plaintiff's injury was defective and malfunctioned. Defendants negligently breached their duty to maintain, inspect, routinely service and repair the elevators in the Hotel Waikoloa Village, which caused an unreasonable and dangerous condition on the elevator and which caused severe injuries to the Plaintiff.

10. Defendants Hilton Waikoloa Village and Otis Elevator Company had a duty to ensure the safe passage of hotel guests and had a duty to keep hotel guests free from dangerous conditions. As a direct and proximate result of the negligence of the Defendants, Plaintiff was severely and permanently injured.

## COUNT FOUR: FAILURE TO WARN

11. Plaintiffs further aver that Defendants breached their duty of care in that they knew or should have known of the defective and dangerous condition of the elevator which existed and failed to act or warn Plaintiff of the existing condition of the elevator which caused it not to stop level with the floor. Defendants knew or should have known that the elevator was defective and malfunctioning and failed to put up a sign warning hotel staff and guests not to use the elevator because of its dangerous condition.

4

## COUNT FIVE: RESPONDENT SUPERIOR/VICARIOUS LIABILITY

12. Defendants are liable for the negligence of its employees and/or agents and/or independent contractors in the performance and/or nonperformance of activities associated the elevator on the hotel premises pursuant to the doctrines of respondent superior and/or vicarious liability.

## COUNT SIX: LOSS OF COMPANIONSHIP/CONSORTIUM

13. Plaintiff Daniel W. McDonald says that he is the husband of Pamela K. McDonald and has suffered a loss of society, companionship, consortium of his wife and incurred liability for her medical expenses now and in the future. Further, he has had to assume her household duties, her medical care and incurred expenses in an amount not known to him at this time.

## COUNT SEVEN: PUNITIVE DAMAGES CLAIM

14. Days before Plaintiff was injured, Defendants knew that the elevator was defective and malfunctioning and failed to place cautionary signs or out-of-service signs on the elevator warning hotel patrons and guests and staff of the dangerous condition of the elevator until hours after Plaintiff Pamela McDonald was injured. Defendants knowingly breached a duty of care which amounts to gross negligence and reckless disregard and rises to the level of willful and wanton behavior requiring an award of punitive damages to Plaintiffs.

**Wherefore,** Plaintiffs demand judgment against the Defendants, jointly or severally in a sum in excess of $100,000 (one hundred thousand dollars) together with the costs herein expended, prejudgment interest, punitive damages, reasonable Legal fees and any other relief to which they may be entitled to at law or equity.

*/s/ C. Christopher Muth*
C. Christopher Muth Esq. (OH Bar 0022399)
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Ph 513-977-8239
Fax 513-977-8141
Email: christopher.muth@dinsmore.com
Attorney for Pamela K. McDonald

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this Complaint was served on January __19__, 2016 via certified mail upon:

Otis Elevator Company
One Farm Springs Road
Farming, CT 06032

Hilton Waikoloa Village
69-425 Waikoloa Beach Dr.
Waikoloa, HI 96738

Otis Elevator Company
c/o Statutory Agent
CT Corporation System
1300 E. Ninth Street
Cleveland, OH 44114

Hilton Worldwide Holdings,
c/o Statutory Agent
Prentice-Hall Corporation System Inc.
50 W. Broad Street, Suite 1800
Columbus, OH 43215

By:

_C. Christopher Muth_
C. Christopher Muth Esq. (OH Bar 0022399)
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Ph 513-977-8239
Fax 513-977-8141
Email: christopher.muth@dinsmore.com
Attorney for Pamela K. McDonald

7